IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

THOMAS LONDON,

Defendant.                                              No. 01-CR-30053-DRH

MEMORANDUM AND ORDER

HERNDON, District Judge:

On September February 25, 2002, the Court sentenced London to 210 months imprisonment on one count of kidnapping (Doc. 29) and the Clerk of the Court entered Judgment reflecting the same on February 28, 2002 (Doc. 33). Thereafter, the Court entered an amended Judgment on May 22, 2002 (Doc. 41). On June 5, 2015, Weldon filed a motion for reduction of sentence pursuant to U.S.S.G. Amendment 782 (Doc. 44).  On June 8, 2015, the Federal Public Defender's office entered an appearance (Doc. 46).  Thereafter, on June 12, 2015, Assistant Federal Public Defender David Brengle moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 48). *See Anders v. California*, 386 U.S. 738, 744 (1967).  Thereafter, the Court allowed London an opportunity to respond to the motion to withdraw (Doc. 49).  As of this date, London has not responded.

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term

of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Here, London *is* not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Here, London was sentenced under the guidelines for kidnapping, not pursuant to a drug crime.  Consequently, London's sentencing guideline range does not change as a result of the application of Amendment 782.  As London's guideline range has not been lowered, he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 48) and **DISMISSES** London's motion for a sentence reduction (Doc. 44).

**IT IS SO ORDERED.**

Signed this 23rd day of July, 2015.

Digitally signed by
David R. Herndon
Date: 2015.07.23
14:52:20 -05'00'

**United States District Judge**